**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-50964**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DARRYL WAYNE SCOTT,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**USDC No. W-98-CR-22-1**

---

**June 9, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Darryl Wayne Scott was convicted of one count of conspiracy to possess crack cocaine with intent to distribute and four counts of aiding and abetting in distribution of crack cocaine. On appeal, he asserts that the evidence was insufficient to prove the conspiracy; that the evidence was sufficient to prove he was entrapped; and that the district court erred in denying his challenge under **Batson v. Kentucky**, 476 U.S. 28 (1986).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

As for Scott's sufficiency of the evidence challenge to his conspiracy conviction, the evidence was sufficient to permit a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. *See* **United States v. Bell**, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), *aff'd*, 462 U.S. 356 (1983).

Regarding entrapment *vel non*, we "accept every fact in the light most favorable to [the] jury's guilty verdict, and ... reverse only if no rational jury could have found predisposition beyond a reasonable doubt". **United States v. Byrd**, 31 F.3d 1329, 1335 (5th Cir. 1994); *see* **United States v. Rodriguez**, 43 F.3d 117, 126 (5th Cir. 1995)(when entrapment instruction was given, applicable standard of review is that which applies to sufficiency of the evidence). Viewing the evidence in that light, a rational jury could have found beyond a reasonable doubt that Scott was predisposed to commit the offense.

As for the **Batson** claim, the district court held that the prosecutor's reason for striking the only minority juror — that he had been sleeping during voir dire — was sufficiently race-neutral. This decision was not clearly erroneous. *See* **United States v. Pofahl**, 990 F.2d 1456, 1465-66 (5th Cir. 1993); **United States v. Clemons**, 941 F.2d 321, 325 (5th Cir. 1991).

> **AFFIRMED**